IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.   Case Number 3:08cr85/LAC

THE OMEGA GROUP CHICAGO, INC.
_____/

## WRITTEN GUILTY PLEA

### 1. PARTIES TO AGREEMENT

This agreement is entered into by and between THE OMEGA GROUP CHICAGO, INC., Paul M. Brayman, attorney for the defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal or administrative claim against the defendant THE OMEGA GROUP CHICAGO, INC..

### 2. TERMS

The parties agree to the following terms:

a. THE OMEGA GROUP CHICAGO, INC. will plead guilty to Counts One and Two of the Indictment.

b. Charges - Count One charges that from on or about February 1, 2000,

_____ Defendant's Initials

_____ Defense Attorney's Initials

FILED IN OPEN COURT THIS
10/30/08
CLERK, U. S. DISTRICT
COURT, NORTH DIST. FLA

through the date of the return of the Indictment, in the Northern District of Florida and elsewhere, THE OMEGA GROUP CHICAGO, INC. and the other named defendants in Count One did knowingly combine, conspire, confederate and agree together and with other entities and persons, known and unknown, to make under oath, and under penalty of perjury under Section 1746 of Title 28, United States Code, and to knowingly subscribe as true, false statements with respect to a material fact in applications, affidavits and other documents required by the immigration laws and regulations prescribed thereunder, and to knowingly present such applications, affidavits and other documents containing false statements, in violation of Title 18, United States Code, Sections 371 and 1546(a).

c. Count Two charges that from on or about February 1, 2000, through the date of the return of the Indictment, in the Northern District of Florida and elsewhere, THE OMEGA GROUP CHICAGO, INC. and the other named defendant in Count Two did knowingly combine, conspire, confederate and agree with other entities and persons known and unknown, for the purpose of commercial advantage and private financial gain, to encourage and to induce aliens to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law. All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), (a)(1)(A)(v)(I) and (a)(1)(B)(i).

*PMB*
*JTO*

d. Penalties - As to Count One, the defendant, THE OMEGA GROUP

_____ Defendant's Initials

*MP* Defense Attorney's Initials

2

CHICAGO, INC., faces up to a $500,000 fine or twice the gross gain, forfeiture of any proceeds of said crime, up to five (5) years probation and a $400 special monetary assessment. ~~As to Count Two, the defendant, THE OMEGA GROUP CHICAGO, INC. faces up to a $500,000 fine, forfeiture of any proceeds or facilitating property, up to five (5) years probation and a $400 special monetary assessment.~~ The defendant agrees to pay the $~~800~~ 400 special monetary assessment on or before sentencing.

  e. The defendant is pleading guilty because it is in fact guilty of the charges contained in Counts One and Two of the Indictment. In pleading guilty to these offenses, the defendant acknowledges that were this case to go to trial, the government could present evidence to support each element of the charges beyond a reasonable doubt and each of the overt acts alleged in the Indictment.

*Count One - Conspiracy to defraud the United States, Title 18, U.S.C., § 371*

ECCA Pattern Jury Instruction 13.1

> *First:*   That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;
>
> *Second:*   That the defendant, knowing the unlawful purpose of the plan, willfully joined in it;
>
> *Third:*   That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the indictment; and
>
> *Fourth:*   That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

_____ Defendant's Initials

__PMB__ Defense Attorney's Initials              3

*Count One - Visa fraud, Title 18, U.S.C., § 1546*

    *First:*    That the Defendant knowingly made a statement under oath, in an application, affidavit, or other document, OR the defendant knowingly presented an application, affidavit, or other document which contained such statement;

    *Second:*    That the statement was false;

    *Third:*    That the false statement related to a material fact in such application, affidavit, or other document;

    *Fourth:*    That in so doing the defendant acted willfully, and with knowledge that such statement was false; and

    *Fifth*:    That the false statement was made or presented in a form required by the immigration laws and regulations, that is a Form ETA-750 and its attachments and/or a Form I-129 and its attachments and/or a Form I-485 and its attachments, and/or a Form G-325A and/or a Form ETA-750B and its attachments.

*Count Two - Conspiracy to induce an alien to unlawfully remain in the U.S. Title 18, U.S.C. §§ 1324(a)(1)(A)(iv), (a)(1)(A)(v)(I) and (a)(1)(B)(i).*

    *First:*    That the Defendant encouraged or induced an alien to come to, enter, or reside in the United States in violation of the law;

    *Second:*    That the defendant knew, or acted with reckless disregard of the fact that such coming to, entering or residing in the United States would be in violation of the law; and

    *Third:*    That the act was committed for the purpose of commercial advantage or private financial gain.

    f.    Upon the District Court's adjudication of guilt of the defendant THE OMEGA GROUP CHICAGO, INC. for the offenses of conspiracy to commit visa fraud,

_____ Defendant's Initials

*MB* Defense Attorney's Initials     4

conspiracy to cause an alien to unlawfully enter, remain, reside or stay in the United States, the United States Attorney, Northern District of Florida, will not file any further criminal charges against the defendant arising out of the same transactions or occurrences to which the defendant has pled.

    g.    Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

    h.    **The parties agree that the sentence to be imposed is left solely to the discretion of the District Court**, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense.

    i.    The United States Attorney will not recommend a specific sentence. Both parties have the right to advise the District Court and other authorities of their versions of the offenses committed by the defendant. Both parties have the right to argue positions under the Sentencing Guidelines, including requests for departures from the guideline range.

### 3. SENTENCING

    a.    Defendant understands that any prediction of the sentence which may be imposed is not a guarantee or binding promise. Because of the variety and complexity of

_____ Defendant's Initials

*lm b* Defense Attorney's Initials         5

issues which may arise at sentencing, the sentence is not subject to accurate prediction. The Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings, or a sentence greater than anticipated shall not be grounds for withdrawal of defendant's plea.

      b.     The United States Attorney does reserve the right to advise the District Court and any other authorities of its version of the circumstances surrounding the commission of the offenses by the defendant, including correcting any misstatements by defendant or defendant's attorney, and reserves the right to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a).

      c.     The parties reserve the right to appeal any sentences imposed.

### 4. FORFEITURE

      a.     <u>Defendant agrees to forfeit all of **its** interest in the below identified forfeitable assets to the United States or to agencies designated by the United States.</u> This agreement specifically includes the following:

      1.     The property known as 2422 Redoubt Avenue, Pensacola, Florida, lying and being in Escambia County, Florida and being more particularly described in the Official Records at Deed Book 1, Page 17 of the public records of Escambia County as follows:

      LOT 1, BLOCK 6, NIRVANA SUBDIVISION, ACCORDING TO THE PLAT

_____ Defendant's Initials

*lm B* Defense Attorney's Initials       6

THEREOF AS RECORDED IN PLAT BOOK 1, PAGE 17, OF THE PUBLIC RECORDS OF ESCAMBIA COUNTY, FLORIDA.

2. $563.97 in U.S. currency located in Wachovia Bank account ending in account number 2379, for which the defendant AMARDEEP G. CHERLAPALLI and U.C. were signatories;

3. $7,480.55 in U.S. currency located in Wachovia Bank account ending in account number 0261 and titled in the name of Baba Enterprises, LLC;

4. $55,397.56 in U.S. currency located in Wachovia Bank account ending in account number 0290 titled in the name of Baba Enterprises, LLC;

5. $97,439.78 in U.S. currency located in Wachovia Bank account ending in account number 9748 titled in the name of Baba Enterprises, LLC;

6. $17,859.00 in U.S. currency seized from Bestway Check Cashing, 3300 N. Pace Boulevard, Suite M-215, Pensacola, Florida; and

7. $61,147.00 in U.S. currency seized from Bestway Food Store, 2110 Gulf Beach Highway, Pensacola, Florida.

The defendant shall take all steps necessary to transfer forfeitable assets to the United States, including but not limited to executing any documents, consenting in any form or cause of action required by the United States, providing information and supporting documentation within the defendant's possession or control, and inducing persons holding property on the defendant's behalf to transfer such property to the United

_____ Defendant's Initials

_MB_ Defense Attorney's Initials

7

States. These transfers shall be completed prior to sentencing.

      b.    The United States Attorney agrees to enter release of lis pendens and discontinue the forfeiture action of the following three (3) pieces of real property and the below identified bank account identified in the forfeiture section of the Indictment:

      1.    The property known as 2110 Gulf Beach Highway, Pensacola, Florida, lying and being in Escambia County, Florida, and being more particularly described in the Official Records at Deed Book 46, Page 51 of the public records of Escambia County as follows:

> W 90 FT OF LOTS 7 8 9 AND 10 LYING N OF GULF BEACH HIGHWAY BLOCK 87 BEACH HAVEN PLAT DB 46 P 51 OR 5446 P 1619 SEC 54/35 T 25 R 30/31.

      2.    The property known as 2473 Bayhill Court, Aurora, Illinois, lying and being in Will County, Illinois and being more particularly described in the official records of Will County as follows:

> LOT 479 IN LAKEWOOD VALLEY UNIT THREE, BEING 1 SUBDIVISION OF PART OF THE NORTHEAST 1/4 OF SECTION 7, TOWNSHIP 37 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL MERIDIAN ACCORDING TO THE PLAT THEREOF RECORDED SEPTEMBER 21, 1999 AS DOCUMENT R99-116924 IN WILL COUNTY, ILLINOIS.
> PIN# 01-07-213-011.

_____ Defendant's Initials

 Defense Attorney's Initials         8

3.      The property known as 2702 West Bobe Street, Pensacola, Florida, lying and being in Escambia County, Florida, and being more particularly described in the Official Records at Deed Book 55, Page 262 of the public records of Escambia County as follows:

> LOTS 11 AND 12, BLOCK 55 OF HAZELHURST, ACCORDING TO TH E PLAT THEREOF, AS RECORDED IN PLAT BOOK 55 AT PAGE 262 OF THE PUBLIC RECORDS OF ESCAMBIA COUNTY, FLORIDA.

4.      $55,201.25 in U.S. currency located in Wachovia Bank CDA account ending in account number 9121 titled in the name of Baba Enterprises LLC;

c.      At his sole discretion, the United States Attorney may decline to forfeit assets where the value, or level of equity, or interests not subject to forfeiture, or costs, or other factors make profitable forfeiture impractical.

_____ Defendant's Initials

*[initials]* Defense Attorney's Initials

9

## CONCLUSION

There are no other agreements between the United States Attorney, Northern District of Florida and the defendant, and the defendant enters this agreement knowingly, voluntarily and upon advice of counsel.

*[signature]*

PAUL M. BRAYMAN
Attorney for Defendant

10-30-08
Date

THOMAS F. KIRWIN
Acting United States Attorney

*[signature]*

TIFFANY H. EGGERS
Florida Bar No. 0193968
Assistant U.S. Attorney
Northern District of Florida
21 East Garden Street, Suite 400
Pensacola, Florida 32502
850/444-4000

See Certification dated 10-24-08
REPRESENTATIVE OR DESIGNATED AGENT
THE OMEGA GROUP CHICAGO

10.30.08
Date

10

## CERTIFICATION
## 10/24/2008

I, Gita Bandari, in my capacity as President of The Omega Group Chicago, Inc., a corporation duly organized and existing under the laws of the State of Illinois hereby certify: That attorney Paul M. Brayman is authorized to represent the Omega Group Chicago, Inc. in United States v. Bandari, et al. (08 cr 85) in the United States District Court for the Northern District of Florida, Pensacola Division.

_____
Gita Bandari,
President

Sworn to and Subscribed
before me this 24th day of October, 2008.

_____
Notary Public

"OFFICIAL SEAL"
Paul M Brayman
Notary Public, State of Illinois
Commission Expires 7/2/2012